Curia, per Waldlaw, J.
The cases of Meadows v. and Enty v. Mills & Beach, hold, that in a sale at auction, although an entry made by an auctioneer himself, may bind the purchaser, one made by his clerk does not, unless the purchaser gave special authority to the clerk, or assented to his act; because, a special confidence is reposed in the auctioneer, which he cannot delegate to a clerk, so as to bind a third person. The former of these cases rests safely upon another ground, that the entry there made, showed neither the thing sold, nor the price: and in the latter, it does *131 not clearly appear, that the purchaser knew that the clerk was making entries, or heard the announcement of his name and bid, made by the auctioneer to the clerk. The course of observation made in these cases is, however, calculated .seriously to affect sales at auction, in which it is scarcely practicable, that each purchaser should sign his own name in the sale book, or, that one person should receive all the bids, and make all the entries ; and they may suggest the materiality of some time inquiring, concerning sales, often loosely conducted under the name of auctions, who is really auctioneer, who onl y crier, and who only clerk. The authority for both of these cases, is something said by Lord Eldon in Coles v. Treesthick. An examination of that case will show, that although Smith, the-person authorized by Treesthick to sell either by auction or private contract, was a surveyor and auctioneer, yet the sale of land in question, after it had been bid in at auction, was made at private contract; and the agreement was signed by the solicitor of Coles, and witnessed by “Phillips for Smith, agent of the seller.” That signature of Phillips was held to bind Treesthick, not because the parol power to sell which had been given to Smith, had been by him transferred to Phillips his clerk, but because Trees-thick himself had, in -his conversations with Smith, expressed his assent to an arrangement, that in the absence of Smith, either of his two confidential clerks that were mentioned, (one of whom was Phillips,) might enter into a contract if a suitable one was offered.
In Wright v. Dannah it was held, that the agent contera-plated by the statute, must be some third person, and that therefore, an entry made by the seller himself, overlooked by the purchaser, was not binding on the purchaser. In consequence of this, as was supposed, it was held in Far ¿brother v. Simmons, that in an action by the auctioneer against the purchaser, an entry made by the auctioneer himself, would not serve. In Bird v. Boulter, however, (where the circumstances of the sale were very similar to those of the case before us,) Farebrother v. Simmons is regretted if not questioned ; and in another action by auctioneer against purchaser, an entry made by the auctioner’s clerk was held to be an entry by a third person, binding on the purchaser. The observations there made, léave no doubt that the clerk’s entry would have been considered sufficient in an action by the principal seller, against the purchaser. “ The clerk was not an automaton, but a person known to all to be engaged in the sale, and employed by one who told him to put down his name. In an action brought by the auctioneer, the clerk must be considered his agent, for the purpose of taking down, the names, and also the agent of the several persons in the room for the same purpose.. It is not necessary to suppose *132 that the vender vested a particular confidence in the auctioneer for the purpose of putting down the names in the sale book. He may be taken to have constituted that person his agent, for the making of such entries, whom the auctioneer might choose to appoint. The clerk was seen by all making the entries; by nodding, each person authorized him to act as he did.”
If in every case like this, then, the authority for the clerk to sign the purchaser’s name, must not be necessarily implied, where, within the view of all bidders, a clerk is employed, to whom the names of purchasers, with their bids, are announced aloud, it is clear that the authority of the purchaser may be given to the clerk, before or at the time of entry, and that a subsequent assent of the purchaser, may confirm an entry made without authority. The evidence given' in this case, to show the authority or assent of the purchaser, should have gone to the jury ; and therefore, the ground upon which the non-suit was ordered, is insufficient to sustain it.
As to the other ground of the motion for non-suit, the insufficiency of the memorandum to show the terms of the contract, the Circuit Judge was with the plaintiff, and the report does not enable this Court to perceive clearly what the sale book contained, what was after the sale put in writing, or what occurred between the auctioneer or his clerk and the purchaser. The whole contract must be in writing, but it may be in detached parcels connected by reference. When the terms of sale are expressed by a statute, or an order of court, a very slight reference may serve to introduce the certainty, which the statute or order would give.
The motion is granted.
Evans, Frost & Withers, JJ., concurred.

Motion granted.